**UNITED STATES of America, ex rel. Clarke Clinton EDWARDS, Petitioners-Appellants,**

**v.**

**WARDEN, UNITED STATES PENITENTIARY, TERRE HAUTE, INDIANA, Respondents-Appellees.**

**No. 81–1762.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 5, 1982.

Decided April 15, 1982.

Frederick F. Cohn, Frederick F. Cohn, Ltd., Chicago, Ill., for petitioners-appellants.

**32.** American Bar Association, Code of Professional Responsibility, EC 5–9; DR 5–101(B), 5–102 (1978).

Phillip A. Turner, Asst. U. S. Atty., Dan K. Webb, U. S. Atty., Chicago, Ill., for respondents-appellees; Robert Walter Tarun, Asst. U. S. Atty., Deputy Chief Crim. Receiving and Appellate Div., Chicago, Ill., of counsel.

Before BAUER, Circuit Judge, MARKEY, Chief Judge,* and POSNER, Circuit Judge.

MARKEY, Chief Judge.

The decision of the United States District Court for the Northern District of Illinois denying the motion of Clarke C. Edwards (Edwards) to set aside his conviction under 28 U.S.C. § 2255 is *affirmed.*

### Background

On December 16, 1975, a Grand Jury indicted Edwards for possession with intent to distribute and conspiracy to distribute a mixture containing heroin in violation of 21 U.S.C. § 841(a)(1). On June 14, 1976, a jury found Edwards guilty of those charges. A notice of appeal was filed, but the appeal was dismissed for want of prosecution on June 13, 1977.

On October 20, 1980, Edwards filed an unsigned "motion" under 28 U.S.C. § 2255 to vacate his sentence. Counsel for Edwards filed a brief. Judge Thomas R. McMillen changed the case caption to one appropriate for a petition for writ of habeas corpus. Filing a well reasoned opinion, Judge McMillen denied the petition without a hearing.

At Edwards' jury trial the government presented evidence establishing the facts surrounding the crimes charged. On September 22, 1978, United States Drug Enforcement Administration (DEA) agents Peckos and Scheuler met with confidential informant Rowell. The latter agreed to purchase narcotics from suspected traffick-ers. Provided with $1250 of recorded government funds and a hidden transmitter, Rowell attempted to buy narcotics from Dellie Jackson and Reginal Williams.[1] To secure narcotics for the sale, Jackson telephoned a person called "Mr. Clark". The call was recorded via Rowell's transmitter. Arrangements were made for Jackson and Williams to meet "Clark" at State and Division Streets, Chicago, to buy an ounce of heroin. The agents followed Jackson and Williams as they proceeded by car to the meeting place, where Edwards entered the car. The agents stopped the car a short time later and placed Edwards, Jackson and Williams under arrest. At the time of the arrest, Jackson attempted to place a clear plastic bag, later found to contain heroin, under her person. Edwards had in his hand a large amount of money, the serial numbers of which established it as the money given Rowell by the DEA agents.

Twice advised of his constitutional rights, Edwards signed a written waiver of those rights and orally admitted that the heroin seized from Jackson was his, and that he had purchased it for $800 per ounce from "Big" Willie Brown.[2] Edwards also wrote out and signed a statement that he would "agree of [his] own free will and due to no coercion on the part of the federal agents," to aid the agents in whatever manner he might, and that he "agreed to help the federal agents after having been advised of my constitutional rights." Edwards then telephoned Brown, in the presence of the agents, to arrange the purchase of eight ounces of heroin. That call was recorded by the agents, using a readily observable recording device connected to the telephone receiver. Edwards told the agents that Brown would sell him the heroin at a White Castle restaurant in Chicago.

Though Brown and Edwards met at the restaurant, no sale occurred. Edwards told

---

* Howard T. Markey, Chief Judge of the United States Court of Customs and Patent Appeals, is sitting by designation.

1. Jackson and Williams plead guilty.

2. Admission of this statement is nowhere challenged. Edwards, who had completed two years of law school, acknowledged familiarity with the *Miranda* rule, and that he knew he need say nothing, that he had the right to speak to an attorney, and that anything he said could be used against him.

DEA agent Adams that Brown thought there were police in the area. Though Edwards made other calls in an effort to buy heroin from Brown, those efforts also failed.

The prosecution first mentioned Edwards' post-arrest efforts during its opening statement. Edwards' counsel raised no objection at that time and had made no pretrial motion to suppress reference to those efforts. DEA agents Adams and Scheuler testified on direct about the unsuccessful attempt to ensnare Brown. Edwards' counsel again raised no objection, but on cross-examination probed further into Edwards' efforts on behalf of the government.

Concerning the crimes charged, Edwards denied making any confession and also denied being a party to the phone conversation with Jackson and Williams, contending that his meeting with them was a chance encounter on his way to work. Edwards admitted he had the recorded money when he was arrested, but said he was only looking at it.

Concerning post-arrest events, Edwards testified, contrary to his post-arrest statement, that he never purchased narcotics, from Brown or anyone else. He said he had no familiarity whatever with narcotics or anyone in the narcotics trade, and no familiarity with Brown other than knowing that Brown owned a business near his father's liquor store. Edwards said his efforts to buy heroin from Brown were at the specific request of DEA agents who told him he could go home if he were successful, and that success was denied because Brown not only would not sell, but would not even discuss narcotics with him.

In rebuttal, the prosecution introduced the taped phone conversations of Edwards with Brown, evidencing Brown's willingness to discuss narcotics with Edwards. Counsel for Edwards objected on the ground that Edwards had not consented to the taping.

The trial judge overruled that objection because Edwards had given consent and because he had opened the door for the tape evidence in his own testimony.

Expressing some doubt that Edwards should be allowed to raise the issues he could have raised in an appeal, and noting the absence of a requirement for exhaustion of the appellate remedy in either § 2255 or the rules thereunder, Judge McMillen determined that: (1) Edwards alleged no coercion, misrepresentation, undue influence, or involuntariness with respect to his agreement to help the government, but only a promise he could "go home";[3] (2) admission of evidence of the post-arrest events did not violate Edwards' rights (citing *United States v. Springer*, 460 F.2d 1344 (7th Cir. 1972), *cert. denied*, 409 U.S. 873, 93 S.Ct. 205, 34 L.Ed.2d 125 (1972), and *United States v. Reynolds*, 532 F.2d 1150 (7th Cir. 1976)); (3) the incriminating conversations occurring in cooperation with the government were used primarily in rebuttal; (4) Edwards knowingly took the risk that his statements could be used against him; (5) Edwards raised no issue of due process or of fact warranting a hearing; (6) the post-arrest conduct of the DEA agents was a good faith effort to arrest Edwards' source, in which Edwards volunteered to participate; (7) evidence of the post-arrest events was relevant, particularly in rebuttal, to the charges in the indictment; (8) counsel's failure to suppress that evidence could well have been trial strategy, designed to elicit sympathy for Edwards who had been arrested under circumstances which eliminated any reasonable defense to the indictment; (9) defense counsel was experienced and his failure to object or suppress evidence of post-arrest events did not equate to denial of effective counsel, was harmless error beyond doubt, and did not require a hearing; (10) the petition was without merit.

3. On appeal, Edwards argues that this determination was improper without an evidentiary hearing. No such hearing was requested. Moreover, Edwards did not file the "detailed and specific affidavit" showing proof "beyond mere unsupported assertions" required by this court before a hearing must be granted. *Barry v. United States*, 528 F.2d 1094, 1101 (7th Cir.), *cert. denied*, 429 U.S. 826, 97 S.Ct. 81, 50 L.Ed.2d 88 (1976).

## OPINION

Edwards argues that evidence of his post-arrest acts on behalf of the government should not have been introduced against him. Specifically, he contends that introduction of that evidence denied him his right against self-incrimination and to due process under the Fifth Amendment. Edwards further argues that his post-arrest actions occurred in the course of a plea negotiation and are thus inadmissible.[4] Edwards' arguments are without merit.

■ Edwards' failure to raise objection at the trial, and his failure to appeal, constituted a waiver of collateral review of the introduction of evidence of his post-arrest acts. *Davis v. United States*, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973); *United States ex rel. Allum v. Twomey*, 484 F.2d 740 (7th Cir. 1973). Motions to suppress evidence must be made before trial. F.R. Crim.P. 12(b)(3). Failure to exercise the right of making such motions, and to exercise the right of raising objections to introduction of the evidence at trial, results in waiver of those rights. F.R.Crim.P. 12(f).

Though the court may grant relief from waiver for cause, F.R.Crim.P. 12(f), *see Davis v. United States, supra*, no such cause has here been shown.

The scope of collateral review available to a federal prisoner under 28 U.S.C. § 2255 was described by the Supreme Court in *Davis v. United States, supra*. The Court there held that failure to object to matters that lie within the purview of F.R.Crim.P. 12(b)(2) (e.g., grand jury composition), constitutes waiver of that objection, and review of a claim based on a waived objection should be barred, absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation).[5]

In *Wainwright v. Sykes, supra*, the Supreme Court applied the *Davis* cause-and-prejudice standard to failure to object to the admission of a confession. This court has applied that same standard to a failure to object to the introduction of non-incriminating post-arrest statements made after a suspect requested, and was denied, assistance of counsel. *United States ex rel. Allum v. Twomey, supra*.

Though Edwards' failure to establish cause for relief from the waiver provision of F.R.Crim.P. 12 is determinative, we do not rest our decision on the mere technical ground of waiver by omission. During trial, Edwards' counsel not only omitted objection to evidence of Edwards' post-arrest efforts, but solicited evidence thereof through cross-examination of DEA agents Adams and Scheuler and in Edwards' direct testimony. Thus evidence to which Edwards now objects was deliberately introduced by him at trial.

We agree with the determination of Judge McMillen that omitting objection and introducing evidence himself equates with a legitimate trial strategy. Throughout the trial, Edwards' counsel argued that Edwards was an unwitting actor in an unfamiliar drama, portraying his unsuccessful efforts to cooperate with the government as a conscientious effort to assist in the apprehension of a suspected narcotic trafficker; unsuccessful only because Edwards could not convince Brown to discuss narcotics. That portrayal would be strengthened by the evidence to which Edwards now objects. There thus existed a reasonable tactical basis for counsel's failure to object to the prosecution's reference, in its opening statement and in its use in chief, to Edwards' role in the attempt to buy narcotics from Brown. *United States ex rel. Allum v. Twomey*, 484 F.2d at 746. Edwards' direct

---

**4.** Nothing of record supports the conjecture that plea negotiations occurred. Edwards' post-arrest statements and actions involved a desire for leniency and do not support such belated conjecture, which must be viewed with great skepticism. *See United States v. Robertson*, 582 F.2d 1356 (5th Cir. 1978).

**5.** The *Davis* cause-and-prejudice standard has been incorporated into the body of law governing the availability of federal habeas corpus review under 28 U.S.C. § 2254. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Francis v. Henderson*, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976); *United States ex rel. Allum v. Twomey, supra*.

testimony was fully consistent with that strategy and supports the view that the failure to object or suppress evidence of post-arrest events reflected a deliberate waiver. Failure to prosecute an appeal further confirms that view.

Edwards has not only failed on this appeal to show cause justifying relief from waiver, but has failed to show prejudice resulting from admission of the now-challenged evidence. On the contrary, the overwhelming evidence of the crimes charged would render error in admission of the challenged evidence, if error there were, clearly harmless. Edwards was arrested in Jackson's car, holding the marked money. Jackson had the heroin he had just sold her. The Edwards-Jackson phone call setting up the "meet" was before the jury. Edwards admitted, after *Miranda* warnings, that the heroin sold was his. Though the evidence must be viewed in the light most favorable to the government, *United States v. Velasco*, 471 F.2d 112, 115 (7th Cir. 1972), employment of that salutory guideline is unnecessary here, where the attack is not on the evidence of the crimes charged [6] and Edwards nowhere shows what, if any, prejudice could have flowed from introduction of the belatedly challenged evidence. *See United States v. Morrison*, 449 U.S. 361, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981).

That Edwards' objection to introduction of his taped conversation with Brown, on the ground that he had not consented to the taping, was overruled at trial does not establish the presence of prejudice in the introduction of other evidence of his attempted transaction with Brown. Moreover, the taped conversation was introduced in rebuttal of Edwards' own testimony that he was unfamiliar with narcotics and with anyone in the narcotics trade. The trial judge found that the tape impeached Edwards'

testimony, by raising an inference that there were prior dealings between Edwards and Brown, and was therefore admissible. *Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971); *Walder v. United States*, 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503 (1954). Edwards may not resort to perjurious testimony in reliance upon the government's expected inability to challenge his credibility. *Walder v. United States*, 347 U.S. at 65, 74 S.Ct. at 356. Accordingly, there was neither prejudice nor error in admitting the taped telephone conversations into evidence.

■ Edwards argues that his trial counsel's failure to move for suppression of post-arrest evidence reflected denial of effective assistance of counsel, describing as mere speculation the conclusion that it was a matter of trial strategy, and demanding an evidentiary hearing to resolve that question. That argument is equally without merit.

The record indicates that Edwards' trial counsel presented a vigorous defense, thoroughly and forcefully presenting the case in the light most favorable to Edwards under all the circumstances. On that record, we conclude that trial counsel's performance was well within the reasonable range of professional competence constitutionally required. *United States ex rel. Williams v. Twomey*, 510 F.2d 634 (7th Cir. 1975); *cert. denied*, 423 U.S. 876, 96 S.Ct. 148, 46 L.Ed.2d 109 (1975). The finding that Edwards was represented by experienced defense counsel has not been challenged. If counsel's failure to object was a strategic error, it would not of itself raise a presumption that the constitutional guarantee of effective counsel was not met. A hearing was neither requested nor required. *United States v. Fleming*, 594 F.2d 598, 607 (7th

---

6. Indeed, Edwards' brief reads in numerous places as though he had been convicted of attempting to sell heroin to Brown. Repeated references to use of evidence of post-arrest events "to convict" Edwards founder on the hard rocks of evidence supporting conviction of the crimes on which he was convicted. Much is made of the prosecutor's opening statement, including an erroneous description thereof as

"evidence" causing Edwards to testify. The opening statement merely set forth what the prosecution expected to adduce in demonstrating that Edwards had knowledge of narcotics, as Edwards' opening statement asserted the contrary. In all events, the absence of objection, in light of all the testimony, fatally undermines Edwards' present claim respecting the prosecutor's opening statement.

Cir. 1979), *cert. denied*, 442 U.S. 931, 99 S.Ct. 2863, 61 L.Ed.2d 299 (1979); *United States ex rel. Williams v. Twomey*, 510 F.2d at 640.

Accordingly, Judge McMillen's judgment denying Edwards relief under 28 U.S.C. § 2255 is affirmed.

AFFIRMED.