Harry **ALEMAN**, Petitioner–Appellant,

v.

**UNITED STATES of America,**
Respondent–Appellee.

No. 88–2684.

United States Court of Appeals,
Seventh Circuit.

Argued June 13, 1989.

Decided July 10, 1989.

Allan A. Ackerman, Chicago, Ill., for Harry Aleman, petitioner-appellant.

David J. Stetler, Asst. U.S. Atty., Office of the U.S. Atty., Crim. Receiving, Appellate Div. and Robert D. Rose, Asst. U.S. Atty. Office of the U.S. Atty., and Gary S. Shapiro, Chicago, Ill., for the U.S., respondent-appellee.

Before BAUER, Chief Judge, and CUMMINGS, Circuit Judge, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

Harry Aleman ("petitioner" or "Aleman") appeals from the district court's denial of his 28 U.S.C. § 2255 petition without holding an evidentiary hearing.[1] Aleman claims that Robert Harder and William "Butch" Petrocelli were government infor-

mants when he committed the crimes for which he was ultimately convicted (1972, 1973, and 1978). Petitioner urges this court to remand his petition for discovery and a full evidentiary hearing based on circumstantial documentary evidence and his sworn affidavit attached to his petition. We find that Aleman has not made a sufficient showing to warrant a hearing and affirm the district court's denial of his habeas petition.

I. PROCEDURAL HISTORY

Aleman was convicted in 1978 of one count of conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("Act"); one count of violating the Act; and one count of transporting stolen goods in interstate commerce. 18 U.S.C. §§ 1962(c), 1962(d), 2314. Judge Stanley J. Roszkowski sentenced Aleman to two concurrent twenty-year terms of imprisonment on the first two counts and a consecutive ten-year sentence on the third count. The jury conviction and sentences were upheld on appeal. *United States v. Aleman*, 609 F.2d 298 (7th Cir.1979), *cert. denied*, 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 780 (1980).

Aleman next sought, and was denied, a motion for correction of his sentence under Fed.R.Crim.P. 35 in 1980. In 1985, Aleman sought government records through the Freedom of Information Act (FOIA), but that suit was dismissed. *Aleman v. Shapiro*, No. 85–C–3313, April 30, 1987, 1987 WL 10872 (Dist.Ct.D.C.). In June 1987, Aleman filed his § 2255 petition.[2] Aleman attached an affidavit to his petition stating that in 1986, he learned that Robert Harder had been a government informant around the time of the criminal acts for which Aleman

1. Aleman also suggested "that in light of newly discovered evidence," the district court should consider his § 2255 petition under Fed.R.Crim. P. 33 (motion for a new trial). The court denied that motion, but Aleman does not appeal that ruling.

2. Before the district court, Aleman attacked his conviction on four grounds, but pursues only one on appeal—that the government violated his

Fifth and Sixth Amendment rights by withholding the "fact" that Robert Harder and William "Butch" Petrocelli were informants. *See generally Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). Aleman requested "such discovery and hearings" as the court considered appropriate on this issue.

was convicted.[3] Aleman asserted that Harder gave information to DEA agent Francis Tucci, who testified at Aleman's trial.

Aleman also appended government reports to his § 2255 petition, which showed that William "Butch" Petrocelli, a confidant of Aleman's, had been investigated for murder by the government. Aleman averred that the reports, plus the fact that Petrocelli was never charged for the murder (though Aleman was) or indicted on the RICO charges, established that Petrocelli was an informant.[4] Aleman further alleged that Petrocelli was privy to his defense strategy at trial.

The district court denied Aleman's § 2255 petition without a hearing, finding that Aleman's allegations did not rise to "even the weakest evidence" that Petrocelli and Harder were informants. Judge Roszkowski also denied Aleman's motion for an evidentiary hearing.

## II. FACTUAL BACKGROUND [5]

An unindicted co-conspirator, Louis Almeida, provided much of the testimony to convict Aleman. Almeida testified that in 1972 and 1973, he and Leonard Foresta (Aleman's co-defendant) committed three home robberies (in Oak Lawn and Chicago, Illinois and Indianapolis, Indiana). Before each robbery, Almeida and Foresta conferred with Aleman and Petrocelli.

Aleman provided a stolen car for the first robbery and paid Almeida and Foresta each $500 for the deed. Aleman provided a sheriff's badge and a contact in Indianapolis, Leo Miroff, for the second robbery. Afterwards, Miroff, Jane Powers, Foresta,

and Almeida drove to Aleman's house in Chicago with the Indianapolis loot. Aleman paid Almeida and Foresta each $500 again, and told Miroff to sell the stolen goods piecemeal. However, before Miroff sold the goods, he and Powers became Harder's houseguests, storing the goods in the bedroom in which they stayed. Almeida also testified that Aleman participated in the third robbery, again supplying a sheriff's badge to gain entry to the house.

It was Almeida's testimony that Petrocelli participated in the planning sessions before each of the home robberies. Harder, on the other hand, did not directly participate in the home robberies, the conspiracy, or the transportation of the stolen goods. Harder simply opened his home to Miroff, Powers, and their belongings. Later, Harder gave police permission to search his residence when they arrived with arrest warrants for him, Miroff, and Powers. In the search, the Indianapolis loot and Miroff's address book were seized. The latter contained the name "Harry" and three phone numbers circumstantially related to Aleman.

Neither Harder nor Petrocelli testified at Aleman's trial.

## III. ALEMAN'S ARGUMENT

In his § 2255 petition Aleman argued that the government's failure to disclose that Harder and Petrocelli were informants before and during his trial violated the Fifth and Sixth Amendments and warranted a new trial under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1962) and *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).[6]

---

3. The acts occurred in late 1972 and 1973, but Aleman was not indicted until 1977 and convicted until 1978.

4. According to the government, both Harper and Petrocelli were murdered "gangland style" sometime around 1980 or 1981. Aleman does not produce any statement from either Harder or Petrocelli before they died indicating that they were government informants.

5. The following facts are gleaned from two cases—*United States v. Aleman*, 609 F.2d 298 (7th Cir.1979), *cert. denied*, 445 U.S. 946, 100

S.Ct. 1345, 63 L.Ed.2d 780 (1980), and *United States v. Miroff*, 606 F.2d 777 (7th Cir.1979).

6. Brady admitted at trial that he participated in the crime but claimed that Boblit did the actual killing. The prosecution withheld the admission of Brady's companion, Boblit, that he had committed the killing. *Brady*, 373 U.S. at 84, 83 S.Ct. at 1195. In *Brady*, the Supreme Court held that the prosecution's suppression of evidence favorable to a defendant, when requested by the defendant, violated due process "where the evidence [was] material either to guilt or punishment...." 373 U.S. at 88, 83 S.Ct. at 1197. In

Before this tribunal, Aleman claims that the district court erred in denying his § 2255 petition without an evidentiary hearing on whether the government's alleged failure to disclose timely that Harder and Petrocelli were informants deprived him of rights under the Fifth or Sixth Amendment.

Aleman puts the cart before the horse. He begins with the "fact" that Harder and Petrocelli were, indeed, informants during the relevant time periods. But Aleman is not entitled to a hearing on his § 2255 petition unless he supports his petition with sufficient detail. He did not.

## IV. ANALYSIS

Summary dismissal of a § 2255 petition is appropriate when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief...." 28 U.S.C. § 2255; *see also Politte v. United States*, 852 F.2d 924, 931 (7th Cir.1988) (citing *United States v. Robinson*, 585 F.2d 274, 280 (7th Cir.1978), *cert. denied*, 441 U.S. 947, 99 S.Ct. 2171, 60 L.Ed.2d 1051 (1979)). Indeed, a judge should dismiss the petition without a hearing if it "plainly appears from the fact of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings.

Judge Roszkowski's familiarity with Aleman's trial (as the presiding judge) made him uniquely suited to determine whether a hearing was necessary based on Aleman's allegations. *See McCarthy v. United States*, 764 F.2d 28, 31–32 (1st Cir.1985) ("given the judge's familiarity with the case—he was the presiding judge in both of the cases for which the petitioner was here sentenced—no hearing was required"); *see also Ouelette v. United States*, 862 F.2d 371, 377–378 (1st Cir.1988) (citing *McCarthy*). The judge knew intimately the record of the case, including the evidence and defense presented. In such circumstances we readily concur with his judgment that based on the motion, affidavits, and appendices, petitioner was entitled to no relief.

Judge Roszkowski specifically found that Aleman's allegations were too speculative to warrant an evidentiary hearing under *United States v. Jackson*, 780 F.2d 1305, 1313 (7th Cir.1986). We agree. It is well-established in this circuit that the district court need not hold a hearing on § 2255 petitions in every case where the petitioner makes factual allegations. *Eaton v. United States*, 458 F.2d 704, 706–707 (7th Cir.), *cert. denied*, 409 U.S. 880, 93 S.Ct. 208, 34 L.Ed.2d 135 (1972); *Barry v. United States*, 528 F.2d 1094, 1101 (7th Cir.), *cert. denied*, 429 U.S. 826, 97 S.Ct. 81, 50 L.Ed. 2d 88 (1976) (to obtain a hearing, "the petition must be accompanied by a detailed and specific affidavit"); *Day v. United States*, 357 F.2d 907, 910 (7th Cir.1966) ("[t]he district court is entitled to consider all the circumstances in the record in determining whether a hearing should be afforded" on a § 2255 petition). Mere unsupported allegations cannot sustain a petitioner's request for a hearing. *United States ex rel. Edwards v. Warden*, 676 F.2d 254, 256 n. 3 (7th Cir.1982); *Barry*, 528 F.2d at 1101 & n. 32.

Aleman asserts that he found out "in 1986" that Harder was an informant for DEA agent Tucci. Aleman does not state how he came upon this information, or the source of the information.[7] Further, Ale-

*Roviaro*, the government withheld the identity of an informant who was an active participant in the illegal activity charged, and the Supreme Court held that "[w]here the disclosure of an informer's identity, or the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege [of withholding the information] must give way." 353 U.S. at 58, 60–61, 77 S.Ct. at 626, 627–628. The decision to divulge an informant's identity involves balancing "the public interest in protecting the flow of information against the individual's right to prepare his defense ... the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* at 62, 77 S.Ct. at 629.

7. This case can therefore be distinguished from *United States v. Kelly*, 790 F.2d 130 (D.C.Cir. 1986), relied upon by Aleman, in which the informant himself disclosed his status in an affidavit. In *Kelly*, the government did not respond with any contrary sworn affidavits, and

man does not state exactly *when* Harder was an informant, only that Harder had been charged with a drug-related crime "during the early 1970s" and that these charges were dropped. Aleman does not aver that Harder was an informant in January 1973, when Harder gave police permission to search his home. Most importantly, Aleman fails to submit specific allegations of contact between Harder and Tucci, and fails to demonstrate that he had actual proof of an informant-agent relationship. *Barry,* 528 F.2d at 1101.

Aleman's evidence that Petrocelli was an informant is even more speculative. Aleman submitted two FBI reports that disclosed 1976 and 1977 investigations of Petrocelli for murders which apparently did not result in indictments. Aleman urges that this fact, coupled with the fact that Petrocelli was an unindicted co-conspirator in the crimes for which Aleman was convicted, and the fact that the government opposed Aleman's FOIA request, all point to one inescapable conclusion—Petrocelli was an informant. Yet Aleman does not say to whom Petrocelli reported, when, or how often. Aleman only implies that Petrocelli related defense strategy, including impeachment tactics, during his trial in 1978.[8]

At most, Aleman offers conjecture, not facts, as to the informant status of Harder and Petrocelli. Both men were apparently investigated for or charged with other crimes, but not prosecuted. Those facts are uncontradicted. But it requires a leap in logic to conclude that they were informants.

Aleman asks us, as he asked the district court, to make that leap. We decline his invitation. Like the district court, we cannot accept Aleman's conclusion. There are simply too many variables involved in the decision to prosecute.[9]

## V. CONCLUSIONS

Robert Harder and William "Butch" Petrocelli, deceased in 1980 or 1981, were government informants. Aleman states this as a "fact" based on his unsupported speculation derived from his showing that Petrocelli was investigated by the government (according to government documents) but not charged (according to Aleman's affidavit), and that Harder was charged with a drug-related crime, but the charges were dismissed (according to Aleman's affidavit).

---

the court of appeals held that on this record, the district court must conduct a hearing. In the instant case, Harder and Petrocelli did not, and cannot, disclose whether or not they acted as informers.

**8.** At trial, Aleman attempted only to impeach Almeida and discredit the victims of the home robberies who testified. *Aleman,* 609 F.2d at 302.

In *United States v. Disston,* 582 F.2d 1108 (7th Cir.1978), this court remanded a § 2255 petition for an evidentiary hearing because Disston learned that his co-defendant, Camp, was a government informant. 582 F.2d at 1110. Camp testified in another trial for the government and provided tape recorded conversations (establishing his informant status). However, there was insufficient evidence to establish that he provided the government with information that had prejudiced Disston's trial, so this court remanded for a hearing in which Disston could attempt to show how Camp's tape recordings prejudiced his case. *Id.* at 1110–1111.

This case is easily distinguished. Aleman does not demonstrate actual independent proof that Petrocelli was an informant.

**9.** Aleman's counsel also suggests that because the government moved to dismiss Aleman's petition, the court *must* accept Aleman's allegations as true. We disagree. Well-pleaded facts and the *reasonable* inferences drawn from them are accepted as true under Fed.R.Civ.P. 12(b)(6). *See e.g., Acme Propane, Inc. v. Tenexco, Inc.,* 844 F.2d 1317, 1325 (7th Cir.1988) ("the district court must give the plaintiff credit for everything that might reasonably be proved in support of the complaint"). Aleman's conclusions are simply not, in our opinion, reasonable inferences. Further, the government answered the district court's order to show cause and moved the court to deny his petition, not to dismiss it. 28 U.S.C. § 2248 states that, if not traversed by the petitioner, the allegations in an answer "shall be accepted as true, except to the extent that the judge finds from the evidence that they are not true." In determining the veracity of allegations supporting a § 2255 petition, a district court retains the discretion "to exercise [its] common sense." *Machibroda v. United States,* 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473 (1962). Thus, counsel incorrectly urges the Fed.R.Civ.P. 12(b)(6) standard.

Aleman appears to want the government to disprove his theory that Harder and Petrocelli were informants. However, Aleman did not produce the threshold of proof which would warrant either government sworn statements contradicting his inferences or a hearing. Petitioner's "factual" allegations are conclusory, speculative, and palpably incredible.

The district court's decision is AFFIRMED.