Donnis Glen **HUMPHREY,**
**Petitioner–Appellant,**

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

No. 87–2808.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 6, 1989.
Decided Feb. 27, 1990.

Donnis G. Humphrey, Milan, Mich., pro se.

Bruce E. Reppert, Asst. U.S. Atty., East St. Louis, Ill., Laura Jones, Asst. U.S. Atty., Benton, Ill., for respondent-appellee.

Before BAUER, Chief Judge, and CUDAHY and KANNE, Circuit Judges.

BAUER, Chief Judge.

Donnis Glen Humphrey appeals the dismissal of his 28 U.S.C. § 2255 motion. Humphrey claims that the site of his trial was selected intentionally to deny him a racially-balanced jury venire, and that as a result, the pool from which his jury was chosen did not reflect a fair-cross section of the community. After reviewing Humphrey's motion, the district court held that he had failed to demonstrate any facts indicating discrimination and therefore dismissed his motion without a hearing. We affirm.

I.

Donnis Glen Humphrey and three other black men were charged in the Southern District of Illinois with conspiracy to abduct and transport a person to obtain sexual gratification, kidnapping, and violation of the White Slavery Act.[1] On February 22, 1985, following a jury trial in Alton, Illinois, Humphrey was found guilty and sentenced to a forty year term on the kidnapping charge, and two five year terms to be served concurrently on the remaining charges. On December 16, 1986, this court affirmed Humphrey's conviction. *See United States v. Jones*, 808 F.2d 561 (7th Cir.1986).[2]

On July 13, 1987, Humphrey filed a *pro se* motion to vacate, set-aside, or correct

Howard B. Eisenberg, Southern Illinois University School of Law, Carbondale, Ill., for petitioner-appellant.

1. Specifically the charges against these individuals were: (1) Kidnapping in violation of 18 U.S.C. § 1201(a)(1); (2) Conspiracy to abduct and transport a person to obtain sexual gratification in violation of 18 U.S.C. § 371; and (3) violation of the White Slavery Act in violation of 18 U.S.C. § 2421.

2. In 1983, the State of Missouri also charged Humphrey and his confederates with forcible rape, attempted forcible sodomy and kidnap-

ping. The federal authorities in Illinois moved to dismiss their original complaint in deference to this state action. These federal charges were formally dismissed on August 1, 1983. *See United States v. Jones*, 808 F.2d at 564. Missouri tried all four men in a single trial. The trial ended on June 22, 1984 with the acquittal of the four defendants. Federal charges were thereupon renewed. *Id.* In *Jones*, this court addressed and rejected defendants' objections to these successive trials. *Id.*

judgment or be allowed an evidentiary hearing pursuant to 28 U.S.C. § 2255, claiming that his trial had been unconstitutional. On October 16, 1987, Judge Beatty denied this motion in a thoughtful, seven-page opinion. It is from this denial that Humphrey now appeals.

## II.

In his *pro se* brief to this court, Humphrey raises two issues on appeal. First, he contends that the United States Attorney selected the location of the trial in order to exclude blacks from the petit jury. Second, he claims that the petit jury did not reflect a fair cross-section of the community due to this choice of venue. The supplemental brief submitted by Humphrey's appointed counsel also states that the district court abused its discretion by denying Humphrey's request for a hearing on these charges.[3] We will consider each issue in turn.

## A. Venue

██ The Constitution provides: "The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury, and such Trial shall be held in the State where the said Crimes shall have been committed; ..." U.S. CONST., Article III, § 2, para. 3. Rule 18 of the Federal Rules of Criminal Procedure further states:

Except as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed. The court shall fix the place of the trial within the district with due regard to the convenience of the defendant and the witnesses and the prompt administration of justice.

Appellant Humphrey contends that by placing the trial in Alton, Illinois, a predominantly white city in the Southern District of Illinois, rather than East St. Louis, Illinois, a predominantly black city 25 miles south of Alton and the site of the underlying crime, the government violated Rule 18. Humphrey also contends that the Alton venue was chosen in order to discourage black participation in his petit jury. Humphrey's claims are flawed for several reasons.

Federal defendants are often tried in a venue at some distance from the location of the underlying offense. Yet, "as long as the trial takes place within the district in which the offense took place, no error occurs." *United States v. Young*, 618 F.2d 1281, 1288 (8th Cir.1980). As the Eighth Circuit noted in *Young*, a defendant has "no constitutional right to a trial within a certain division" of a given district. *Id.* In *United States v. Mase*, 556 F.2d 671 (2nd Cir.1977), the Second Circuit held that a trial could properly be held in Hartford, Connecticut, rather than New Haven, where the offense had been committed, due to the level of pretrial publicity surrounding the case in New Haven. Similarly, the Fifth Circuit, in *United States v. James*, 528 F.2d 999 (5th Cir.1976), upheld the transfer of a case from Jackson, Mississippi, to Biloxi due to negative publicity. Although this court has not been asked to approve such a change of venue, in *United States v. Balistrieri*, 778 F.2d 1226 (7th Cir.1985), we reviewed a case in which the jury was selected from a division other than the one in which the offense was committed. In *Balistrieri*, the district court in Milwaukee, Wisconsin, was concerned about publicity surrounding the trial of a defendant accused of extortion. Thus, the court arranged for the jury selection process to take place in Green Bay, Wisconsin. The venire consisted of residents of northern Wisconsin rather than residents of Milwaukee and the surrounding area. Once the petit jury was chosen, the jurors were then moved to Milwaukee to complete the trial. On appeal, we upheld this process noting that "the jury is not required to be selected either from the entire district or from the division in which

---

**3.** Both Humphrey's *pro se* brief and that of his appointed counsel attacked the government's use of its peremptory challenges to strike blacks from the petit jury. The briefs claimed that the government was using these challenges in a racially discriminatory manner in violation of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The appellant, however, stated that given the disposition of the case below he does not now pursue these claims.

the crime was committed." 778 F.2d at 1229. Thus, Humphrey's claim that he was entitled to a venue in East St. Louis, the site of his crime, is patently meritless.

Humphrey additionally claims, however, that this venue was intentionally selected to discourage blacks from participating in the jury pool. While this allegation would be disturbing if it was even remotely factual, here it is completely meritless. As the district court noted below, and appellees stated at oral argument, the assignment of cases in the Southern District of Illinois is made pursuant to a random drawing for purposes of docket control. Neither the judges nor the parties have any control over this assignment process. Appellant assigns significance to the provision in Local Rule 18 which states that "(f)or the convenience of the parties and witnesses and/or in the interest of justice, the Court, in its discretion, may order any case set for trial at a place in the district where court is other than the place where the case is filed." This, however, does not contradict the district court's finding that cases are assigned at random in the Southern District of Illinois. Nor does it indicate that the assignment of Humphrey's trial to Alton was in any way intentional. Rather, Local Rule 18 simply allows the court, at its discretion, to order a change of venue when necessary to protect the interests of justice, or convenience of the defendant or the witnesses in a given trial. As such it is consistent with both the letter and spirit of Federal Rule 18. Humphrey's allegation that the assignment of his case to Alton was an effort on the part of the prosecution to secure an unbalanced jury was properly dismissed.

### B. The Jury Selection

█ Additionally, Humphrey contends that, due to the assignment of his case to Alton rather than East St. Louis, he was effectively denied a jury drawn from a fair-cross section of the community. Humphrey claims that, although more than 10 percent of the population of the Southern District of Illinois is black, few blacks appear for jury duty in the predominantly white city of Alton. Black participation in the venire, he alleges, is much greater in East St. Louis, which is more than 90 percent black.

The Sixth Amendment states that a defendant is entitled to "an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law." U.S. CONST. amend. VI. As the Supreme Court has noted, "the selection of a petit jury from a representative cross section of the community is an essential component of the Sixth Amendment right to a jury trial." *Taylor v. Louisiana*, 419 U.S. 522, 528, 95 S.Ct. 692, 697, 42 L.Ed.2d 690 (1975). In order to establish a prima facie violation of the fair-cross section requirement, a defendant must demonstrate three factors:

> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this under-representation is due to systematic exclusion of the group in the jury-selection process.

*Duren v. Missouri*, 439 U.S. 357, 364, 99 S.Ct. 664, 668, 58 L.Ed.2d 579 (1979). *See also Davis v. Warden*, 867 F.2d 1003, 1006 (7th Cir.1989). Once a defendant has established these elements, the burden shifts to the government to show that it has an overriding, significant interest in its policy. *Duren*, 439 U.S. at 367, 99 S.Ct. at 670.

There is no dispute that blacks are a distinctive group in the community and may not be excluded from the venire. *See Strauder v. West Virginia*, 100 U.S. 303, 25 L.Ed. 664 (1880); *Davis*, 867 F.2d at 1006. Thus, the first prong of the *Duren* standard is satisfied. The second and third prongs are somewhat more problematic.

The Southern District of Illinois has established the following plan for the purposes of jury selection:

> For the court sitting in East St. Louis and Alton, jury selection will be from the Counties of Bond, Calhoun, Clinton, Fay-

ette, Jersey, Madison, Marion, Monroe, Perry, Randolph, St. Clair and Washington.

*Plan for Random Selection of Jurors,* Adopted February 12, 1979, operational on and after March 31, 1979, as amended May 20, 1981. Pursuant to 28 U.S.C. § 1863, jury panels are then randomly selected from the master list of registered voters for these counties. Thus, the master jury wheel is identical for both East St. Louis and Alton. Jurors for both East St. Louis and Alton are chosen in an identical manner from identical counties. Regardless of the site of the trial, the same list of qualified jurors is contacted for service. Humphrey alleges, however, that due to transportation costs, lack of child care facilities, unfamiliarity with the community, and other factors, the number of blacks who actually appear for jury service in Alton is not fair and reasonable in relation to their numbers in the community. Thus, according to Humphrey, through a process of self-selection, blacks are not fairly represented in juries within the Alton courthouse.

Humphrey, however, has offered no evidence to support this assertion, beyond the simple fact that his trial and two others of which he is aware were tried to an all-white jury. Humphrey has drawn no cases to this court's attention to support his novel theory. Nor have we been able to locate any such case. We do not, however, reject this claim merely because it is novel. We must, though, demand at least some evidence on which to base a finding. Mere allegations by the defendant, as we are presented with here, are not enough. In *Davis v. Warden,* 867 F.2d 1003 (7th Cir. 1989), we held that general census data submitted by the defendant was insufficient to demonstrate systematic exclusion. Here, presented with an even barer record, we are similarly unpersuaded.

### C. Right to a Hearing

In a supplemental brief to this court, Humphrey's appointed counsel has challenged the district court's denial of an evidentiary hearing to review Humphrey's various claims. Summary dismissal of a § 2255 petition is appropriate when "the

motion and the files and record of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. *See also Politte v. United States,* 852 F.2d 924, 931 (7th Cir.1987). Moreover, we have consistently held that, when considering § 2255 petitions, if a court determines that the record standing alone conclusively demonstrates that a petitioner is entitled to no relief, then no hearing is required. *See United States v. Kovic,* 830 F.2d 680, 692 (7th Cir.1987); *United States v. Robinson,* 585 F.2d 274, 280 (7th Cir.1978). Indeed "a judge should dismiss the petition without a hearing if it 'plainly appears from the fact of the motion and any annexed exhibits and the prior proceedings in the case the movant is not entitled to relief.'" *Aleman v. United States,* 878 F.2d 1009, 1012, *quoting* Rule 4(b) of the Rules Governing § 2255 Proceedings.

Here, Judge Beatty was closely familiar with the docketing procedures of the Southern District of Illinois. He was aware of the random selection process for trials in Alton and East St. Louis, as well as the jury selection process for the Southern District of Illinois. It would have been ludicrous to require an evidentiary hearing on these matters. Beyond this, Humphrey did not present any evidence in his petition to suggest a constitutional infirmity in the jury selection process. As we have often noted, "mere unsupported allegations do not warrant a hearing." *Aleman,* 878 F.2d at 1012; *United States ex rel. Edwards v. Warden,* 676 F.2d 254, 256 & n. 3 (7th Cir.1982). Humphrey needed to present some evidence on which to base his attacks on the location of his trial and the selection of his petit jury. Because he failed to do so, no hearing was necessary.

### III.

Appellant Humphrey has alleged that the location of his trial was selected in order to deny him a petit jury representing a fair cross section of the community. Because he has not presented evidence that the location of his trial was selected in a non-random manner, nor that the jury selection

process systematically excluded blacks from his jury, we affirm the summary dismissal of his § 2255 petition. Moreover, we reject his claim that he was entitled to an evidentiary hearing. Where the record conclusively demonstrates the futility of petitioner's claims, no hearing is required and summary dismissal is appropriate. Therefore, the decision of the district court is

AFFIRMED.