951 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Richard MARTENSON, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 90-2616.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 11, 1991.*
Decided Dec. 19, 1991.
 
 Before BAUER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 A federal jury convicted Richard Martenson of several counts of fraud and racketeering for a multimillion dollar fraudulent investment scheme that he hatched and operated. Now in prison for those crimes, Martenson filed a petition for federal postconviction relief pursuant to 28 U.S.C. § 2255 (1988). The court denied Martenson's petition; he appeals that decision, and we affirm.
 
 
 2
 The only issue Martenson raises on appeal is whether the district court erred by denying the petition based on the record of prior proceedings and the parties' motions, affidavits, and appendices. An evidentiary hearing is necessary when the transcripts or records of prior proceedings, and the expanded record (if there is one) are inadequate to reach a conclusion as to disputed material facts. Rule 8(a) of the Rules Governing § 2255 Proceedings. An evidentiary hearing is not necessary when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Aleman v. United States, 878 F.2d 1009, 1012 (7th Cir.1989); see United States ex rel. Simmons v. Gramley, 915 F.2d 1128, 1138 n. 1 (7th Cir.1990).
 
 
 3
 Most of Martenson's claims are questions of law for which an evidentiary hearing would be meaningless. Tijerina v. Thornburgh, 884 F.2d 861, 866 (5th Cir.1989) ("Where the petitioner raises only questions of law, or questions regarding the legal implications of undisputed facts, a hearing becomes duplicative and unnecessary"). Martenson characterized some of his claims as mixed issues of law and fact (take the ineffective assistance of counsel claim, for example). But, "[i]t is well-established in this circuit that the district court need not hold a hearing on § 2255 petitions in every case where the petitioner makes factual allegations." Aleman, 878 F.2d at 1012. Accordingly, the district court has discretion to determine whether an evidentiary hearing is necessary. See Gramley, 915 F.2d at 1139. A reviewing judge who also presided over the petitioner's trial and thus knows the record of the case, including the evidence and the defense presented, is "uniquely suited" to exercise this discretion. Aleman, 878 F.2d at 1012. In this case, Judge Williams presided over Martenson's trial, so she already had decided the issues of fact that he tendered at trial. Martenson offered no new factual support to inject merit into these issues on post conviction review. As a result we agree with the court's judgment that based on the record, Martenson's motion, affidavits, and appendices, Martenson is entitled to no relief.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record