958 F.2d 374
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Steven S. CANNADAY, Sr., Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 91-1224.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 6, 1992.*
Decided March 20, 1992.
Rehearing and Rehearing En Banc
Denied June 26, 1992.
 
 Before CUMMINGS and CUDAHY, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioner Steven Cannaday challenges the district court's dismissal of his petition for collateral review. 28 U.S.C. § 2255. Because we find three of Cannaday's four claims barred by procedural default and the other by the law of the case doctrine, we affirm.
 
 I. BACKGROUND
 
 2
 Cannaday pleaded guilty to assaulting a federal officer with a deadly weapon in violation of 18 U.S.C. § 111. He then challenged the factual basis of the plea in an appeal before this court. We rejected Cannaday's claim and affirmed the district court in an unpublished order.
 
 
 3
 Cannaday later filed a pro se petition pursuant to 28 U.S.C. § 2255. Cannaday again challenged the factual basis of his plea, but raised three new issues as well.[1] Cannaday stated on the § 2255 form provided by the district court that the three new issues were not raised earlier because they were "unavailable at the prior proceeding." (Petition at 6). The district court rejected Cannaday's explanation and dismissed Cannaday's claims on the basis of procedural default.
 
 
 4
 Cannaday appeals the dismissal of his petition. He raises the same four issues as in district court, this time elaborating on the failure to raise the three issues on direct appeal. He explains that appellate counsel caused the procedural default by refusing to include the issues in the appellate brief despite Cannaday's repeated requests.
 
 II. ANALYSIS
 
 5
 A. The three claims not addressed on direct appeal
 
 
 6
 Generally, a district court may only review issues on collateral review which have been raised on direct appeal. Williams v. United States, 805 F.2d 1301, 1304 (7th Cir.1986), cert. denied, 481 U.S. 1039 (1987). The court may, however, suspend this rule if the petitioner raises a constitutional claim and demonstrates cause and prejudice. Wainwright v. Sykes, 433 U.S. 72, 87 (1977). Cause exists when an external factor impedes a petitioner's ability to comply with a procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986).
 
 
 7
 In Cannaday's case, the district court determined that Cannaday could not show cause for his failure to appeal and dismissed his complaint without holding an evidentiary hearing. A district court may dismiss a complaint without such a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief...." 28 U.S.C. § 2255. A prisoner is not entitled to § 2255 relief if his petition raises only speculative or unsupported allegations. Aleman v. United States, 878 F.2d 1009, 1012 (7th Cir.1989); United States ex rel. Edwards v. Warden, 676 F.2d 254, 256 n. 3 (7th Cir.1982). Rather, he must clearly explain his contentions and, if necessary, support them with detailed and specific affidavits. Barry v. United States, 528 F.2d 1094, 1101 (7th Cir.), cert. denied, 429 U.S. 826 (1976).
 
 
 8
 Under this standard, the district court properly dismissed Cannaday's three claims because of his failure to show cause. Cannaday's only explanation for failing to appeal was that his claims were "unavailable at the prior proceeding." He did not tell the district court why the claims were unavailable or submit any affidavits in support of his position. Since the district court's decision, Cannaday has provided this court with a more detailed explanation and with documentary evidence, but he has produced this information too late. If the district court has properly decided a case based on the evidence before it, we must affirm regardless of the new information presented on appeal. See Kensington Rock Island v. American Eagle Historic Partners, 921 F.2d 122, 124-25 (7th Cir.1990).
 
 
 9
 Thus, the district court properly dismissed three of Cannaday's claims. He waived these three issues by failing to bring them on direct appeal and by providing an insufficient explanation for his default.
 
 B. The factual basis of the guilty plea
 
 10
 Cannaday's petition also raises a challenge to his guilty plea. This challenge was actually raised on direct appeal, but it was dismissed by the district court based on procedural default. We agree that the claim should have been dismissed, but base our decision on the law of the case doctrine, not procedural default.
 
 
 11
 Under the law of the case doctrine, "once this court has decided the merits of a ground of appeal, that decision establishes the law of the case and is binding on a district judge asked to decide the same case, unless there is some good reason for reexamining it." United States v. Mazak, 789 F.2d 580, 581 (7th Cir.1986). To demonstrate cause for reexamining his case, a petitioner can show that: (1) since the first appeal controlling authority has changed, (2) the evidence required for the second proceeding will be substantially different, or (3) the decision was clearly erroneous and substantially unjust. Shore v. Warden, Stateville Prison, 942 F.2d 1117, 1123 (7th Cir.1991).
 
 
 12
 In Cannaday's case, we ruled on the factual basis of his plea on direct appeal, and Cannaday has given us no reason to revisit the issue.
 
 
 13
 We therefore AFFIRM the district court's dismissal of Cannaday's petition.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 The three new issues are: (1) whether Cannaday was properly informed of his maximum sentence at the time of his guilty plea, (2) whether the government properly complied with Cannaday's discovery motion, and (3) whether the police violated Cannaday's fourth amendment rights