[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15320
Non-Argument Calendar

_____

D.C. Docket No. 2:09-cv-01709-AKK

MARTEZ GULLEY,

Plaintiff-Appellee,

versus

BIRMINGHAM, CITY OF,
as a person under U.S.C. 1983, et. al.,

Defendants,

COREY HOOPER, Individually and in his
official capacity,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 13, 2012)

Before EDMONDSON, JORDAN and HILL, Circuit Judges:

PER CURIAM:

Corey Hooper appeals the denial of his motion for a new trial, or, in the alternative, for judgment notwithstanding the verdict, and asserts as error several evidentiary rulings and also improper jury instructions by the district court.  For the following reasons, we find no merit in his assertions of error and shall affirm the judgment of the district court.

First, Hooper complains that he was "compelled" to testify in this action in violation of his Fifth and Fourteenth Amendment right not to incriminate himself. This contention is without merit.  When called to the stand in this civil action against him, Hooper was free to invoke his Fifth Amendment privilege against self-incrimination, but chose not to do so.  Instead, he voluntarily answered the questions put to him by plaintiff's counsel.  Had he chosen to invoke his right to remain silent, the district court would have been compelled to decide whether the invocation was warranted – evaluating Hooper's claim that his fear of criminal conviction based upon his testimony was reasonable, real and appreciable.  *United States v. Gecas*, 120 F.3d 1419, 1424 (11th Cir. 1997) (privilege does not protect against remote and speculative possibilities).  Hooper, however, never invoked his privilege while he was on the stand.  Thus, there is no merit to this assertion of error.

2

As to the admission into evidence of Hooper's prior statement to an Internal Affairs investigator, the district court recited in its order denying a new trial that Hooper himself asked that portions of an audio recording of the statement be played during trial and that he asked the jury to listen to the entire recording during their deliberations.  In his brief on appeal, Hooper does not dispute the district court's statement.  This deliberate choice does not result in trial error.  *See Edwards v. Warden*, 676 F.2d 254, 257 (7th Cir. 1982) (no error where evidence now objected to by defendant was used by him at trial).[1]

Finally, the other evidentiary errors asserted by Hooper are all the product of his failure to abide the court's pre-trial order deadlines.  Furthermore, his objection to the admission of plaintiff's evidence of damage is unfounded as plaintiff did timely file a list of such damages pursuant to the pre-trial order.  It was Hooper's attempt to object to that filing that was untimely.

Similarly, Hooper's objection to the jury instructions was not timely filed pursuant to the court's pre-trial order.  The district court refused to consider the objection since Hooper offered no justification for the failure to timely file.  We find no fault with this exercise of the district court's discretion.

---

[1] Furthermore, the record reflects that Hooper did not renew his objection to the admission of this statement when it was offered at trial by plaintiff's counsel.  This constitutes waiver.  *See Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1286 (11th Cir. 2000).

Hooper requests, in the alternative, for judgment notwithstanding the verdict.  The district court denied this motion as Hooper did not refute the sufficiency of the evidence but rested his argument upon the court's alleged evidentiary errors.  The district court correctly denied the motion.  *See Allstate Ins. Co. v. Jaguar Cars, Inc.*, 915 F.2d 641, 644 (11th Cir. 1990).

For the foregoing reasons, the judgment of the district court is AFFIRMED.