Terry P. DANIELS, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 94–1739.

United States Court of Appeals, Seventh Circuit.

Submitted April 6, 1995.*

Decided April 18, 1995.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record.

Terry P. Daniels, Oxford, WI, pro se.

William J. Lipscomb, Office of the U.S. Atty., Milwaukee, WI, for respondent-appellee.

Before BAUER, COFFEY and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

In 1990, Terry P. Daniels pled guilty to conspiracy to possess in excess of 10 pounds of marijuana with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and use of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Under the original plea agreement, Daniels would have received a sentence of 10–21 months for the conspiracy charge plus a mandatory, consecutive five-year term for the firearms offense.[1] At the time, Daniels was also under investigation for his role in

the BOS ("Brothers of Struggle") cocaine conspiracy. As a result of this investigation, the government decided that it wished to introduce evidence of Daniels' alleged involvement in the cocaine conspiracy at the sentencing hearing for his marijuana and firearms offenses. The original plea agreement did not contemplate the introduction of this evidence.

Daniels and the government then negotiated an amendment to the original plea agreement. Daniels admitted to involvement with 2.5 kilograms of cocaine in the BOS conspiracy, which increased his sentence to ten years total for the two offenses.[2] In return, the government promised not to indict or prosecute Daniels for his role in the BOS cocaine conspiracy. The court accepted this agreement, and Daniels is now serving the ten-year sentence. Daniels filed a § 2255 petition, arguing that his guilty plea should be set aside. The district court denied his petition. On appeal, Daniels makes two principal claims. First, he contends that the district court failed to comply with Fed.R.Crim.P. 11(d) when it accepted the revision to his plea agreement. Second, he argues that his attorney coerced him into accepting the revised guilty plea, constituting ineffective assistance. Although we conclude that Daniels has forfeited his Rule 11(d) objection, we have determined that he is entitled to an evidentiary hearing on his ineffective assistance claim, and therefore we remand on that issue.

Rule 11(d) requires the district court to determine that a guilty plea is voluntary before it may accept the plea. The district court engaged in the required Rule 11 colloquy with Daniels when he entered his guilty plea pursuant to the original plea agreement. The court did not engage in a new colloquy with Daniels when he revised his plea agreement. Daniels argues that the district court violated Rules 11(d) and 11(f) by failing to inquire whether his new plea

---

1. The original plea agreement gave Daniels an offense level of 12 and a criminal history category of III, resulting in a sentencing range of 15–21 months for the conspiracy charge. Daniels would have been eligible for a two-level reduction for acceptance of responsibility, which, if given, would have reduced his sentencing range to 10–16 months.

2. The statutory maximum for each offense is five years. *See* 18 U.S.C. § 924(c)(1); 21 U.S.C. § 841(b)(1)(D).

agreement was voluntary and had a sufficient factual basis. Daniels, however, has forfeited the right to allege these violations of Rule 11 in his § 2255 petition. Daniels never pursued a direct appeal from his conviction. Thus, if he wishes to collaterally attack his conviction, he must demonstrate "cause for his failure to raise the matter on direct appeal and actual prejudice from the errors of which he complains." *Ambriz v. United States,* 14 F.3d 331, 333 (7th Cir.1994); *see also Degaglia v. United States,* 7 F.3d 609, 611 (7th Cir.1993). Daniels does not attempt to show cause for his failure to raise the alleged Rule 11 violations on direct appeal. Therefore, he may not raise these claims in his § 2255 petition.[3]

Daniels' second and more troubling claim is that his attorney provided ineffective assistance by coercing him into accepting the revised guilty plea. Daniels maintains that he is innocent of any involvement in the cocaine conspiracy and that he accepted the revised guilty plea, which included an admission of involvement in cocaine dealing and increased his sentence by at least 39 months, on the advice of an attorney who was improperly motivated. According to Daniels, he was embroiled in a fee dispute with his attorney, James Reilley. Daniels attests that he was only able to pay Reilley, a retained attorney, $2,000 of his $10,000 fee. Reilley allegedly advised him to accept the revised plea, despite his protestations of innocence on the cocaine charges, because Reilley could not take the case to trial without the remaining $8,000. Daniels claims that he requested (and the court granted) a continuance of the sentencing hearing for two weeks so that he could attempt to raise the money to go to trial.[4] Daniels claims that he was unable to raise the money and thus accepted the plea.

The government, Daniels, and Reilley requested an evidentiary hearing in order to resolve Daniels' claim of ineffective assistance. In addition, Reilley filed an affidavit contesting Daniels' assertions, stating that "[a]t no time was the consideration of legal fees ever involved in the decision to plead guilty." The district court refused to hold an evidentiary hearing on the issue, describing Daniels' claim as "nonsense" that "flies in the face of the record" and has "no credibility." Daniels argues that the district court should have granted him an evidentiary hearing.[5]

A district judge need not grant an evidentiary hearing in all § 2255 cases. Such a hearing is not required if "the record standing alone conclusively demonstrates that a petitioner is entitled to no relief." *Humphrey v. United States,* 896 F.2d 1066, 1070 (7th Cir.1990), *cert. denied,* 498 U.S. 938, 111 S.Ct. 342, 112 L.Ed.2d 306 (1990); *see also Taglia,* 922 F.2d at 419 ("if there is no reason to suppose that a hearing would produce evidence justifying a grant of a new trial, there is no reason to hold a hearing"). In addition, a hearing is not necessary if the petitioner makes conclusory or speculative allegations rather than specific factual allegations. *See Aleman v. United States,* 878 F.2d 1009, 1012–14 (7th Cir.1989). A district court, however, must grant an evidentiary hearing if the petitioner "alleges facts that, if proven, would entitle him to relief." *Stoia,* 22 F.3d at 768.

Daniels makes detailed and specific allegations that his fee dispute with Reilley caused Reilley to provide him with ineffective assistance. Daniels submitted a sworn affidavit containing his version of events; Reilley submitted a sworn affidavit suggesting a

---

3. In addition, Daniels argues that the government improperly breached his original plea agreement and that the district court should not have included the cocaine and some of the marijuana in his relevant conduct. Because he did not raise these claims on direct appeal or demonstrate cause and prejudice, Daniels is precluded from raising them in his collateral attack.

4. The docket sheet reflects that the sentencing hearing was continued from June 7, 1990 to June 21, 1990. The June 7 entry states, "If Deft. decides to keep plea as set deft. will be sentenced

on 6/21/90. If deft. decides to withdraw plea, ct. will entertain motion."

5. Daniels relies on evidence outside the original record in pursuing his ineffective assistance claim. Thus, his failure to raise the issue on direct appeal does not prevent him from raising it in his § 2255 petition. *United States v. Taglia,* 922 F.2d 413, 418 (7th Cir.1991), *cert. denied, McDonnell v. United States,* 500 U.S. 927, 111 S.Ct. 2040, 114 L.Ed.2d 125 (1991); *see also Stoia v. United States,* 22 F.3d 766, 768 (1994); *Degaglia,* 7 F.3d at 612.

different version.[6]  Contrary to the district court's characterization, we believe that the record does not conclusively demonstrate that Daniels' claims are without basis.  The record is insufficiently developed for this court to determine what actually occurred in 1990.  Thus, Daniels is entitled to an evidentiary hearing if proof of his allegations could result in the invalidation of his guilty plea.

■■■  The Sixth Amendment guarantees a criminal defendant the effective assistance of trial counsel, whether appointed or retained.  *Cuyler v. Sullivan,* 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980).  An attorney's conflict of interest may give rise to a claim of ineffective assistance. *Stoia,* 22 F.3d at 770.  Daniels argues that his inability to pay Reilley caused Reilley's financial interest to conflict with his interest in providing Daniels with the best possible representation.  Under *Cuyler,* a defendant claiming ineffective assistance because of a conflict of interest where the trial judge was not notified of the conflict[7] "must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler,* 446 U.S. at 348, 100 S.Ct. at 1718; *Stoia,* 22 F.3d at 770.[8]  Daniels contends that the fee dispute created an actual conflict of interest that adversely affected Reilley's performance.[9]

■■■  A conflict of interest arises "when the defense attorney ... [is] required to make a choice advancing his own interests to the detriment of his client's interests." *United States v. Horton,* 845 F.2d 1414, 1419 (7th Cir.1988).  The classic conflict of interest situation arises when a lawyer represents two or more co-defendants (as was the case in *Cuyler* ) or two clients with opposing interests.  A conflict may also arise when a client's interests are adverse to his lawyer's pecuniary interests.  *See Winkler v. Keane,* 7 F.3d 304, 308 (2d Cir.1993) (contingent fee in criminal case created actual conflict of interest), *cert. denied,* —— U.S. ——, 114 S.Ct. 1407, 128 L.Ed.2d 79 (1994); *United States v. Marrera,* 768 F.2d 201, 207 (7th Cir.1985) (attorney's interest in movie rights to client's story created potential conflict of interest), *cert. denied,* 475 U.S. 1020, 106 S.Ct. 1209, 89 L.Ed.2d 321 (1986); *United States v. Marquez,* 909 F.2d 738, 741 (2d Cir.1990) (noting that prosecutor's attempt to use release of confiscated funds, which would be used to pay defense attorney, as bargaining chip in criminal case could create a conflict of interest), *cert. denied,* 498 U.S. 1084, 111 S.Ct. 957, 112 L.Ed.2d 1045 (1991); *Motta v. District Director, Immigration and Naturalization Service,* 869 F.Supp. 80, 89 (D.Mass. 1994) (attorney's dissatisfaction with fee arrangement not legitimate excuse for filing untimely appeal); *but see United States v. Wright,* 845 F.Supp. 1041, 1073 (D.N.J.1994) (nonpayment of legal fees "does not establish a conflict of interest of the type which would establish ineffective assistance; lawyers are required to provide zealous advocacy regardless of a criminal defendant's failure to pay legal fees"), *aff'd,* 46 F.3d 1120 (3d Cir.1994) (table).

■■■  *Winkler, Marrera,* and *Marquez* illustrate that when an attorney's pecuniary

---

6.  In addition, Daniels attached to his reply brief three sworn affidavits (by his wife, mother, and grandmother) corroborating Daniels' version of events.  These affidavits were not submitted to the district court, and thus they are not properly before this court.

7.  Daniels does not allege that Judge Evans was notified of the conflict before the sentencing hearing.

8.  Alternatively, a defendant may argue under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), that a potential conflict of interest prejudiced his defense. *Stoia,* 22 F.3d at 770.  In order to show prejudice, the defendant must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.  If a defendant proceeds under *Cuyler* by demonstrating an actual conflict of interest, prejudice is presumed. *Id.* at 692, 104 S.Ct. at 2067.

9.  We note that if Daniels was dissatisfied with Reilley's performance and could not afford to retain a new attorney, he could have petitioned the court to appoint counsel.  The issue here, however, is not whether Daniels could have been provided with competent representation free of charge.  Rather, the issue is whether Reilley provided Daniels with effective assistance.

interests are adverse to his client's interests, a conflict of interest may be created. From this limited record we cannot conclude whether Reilley improperly pressured Daniels to accept the revised plea rather than go to trial because Daniels had not been able to accumulate the balance of his fee. If an actual conflict was created that adversely affected Reilley's performance, Daniels' guilty plea must be set aside. *Cuyler,* 446 U.S. at 348, 100 S.Ct. at 1718.[10] Reilley asserts that the fee dispute did not influence his recommendation that Daniels accept the revised plea, and this may indeed be the case. The only evidence before the district court, however, consisted of the conflicting, sworn affidavits of Reilley and Daniels. The district court attempted to judge the credibility of Daniels' claim based on the affidavits alone, and we are compelled to conclude that this approach was in error. "[A] determination of credibility cannot be made on the basis of an affidavit." *Castillo v. United States,* 34 F.3d 443, 445 (7th Cir.1994). Therefore, Daniels is entitled to an evidentiary hearing where he may attempt to substantiate his claim and the government may attempt to show that Reilley provided Daniels with competent representation. We remand this claim to the district court for such a hearing to determine whether an actual conflict of interest existed and, if so, whether Reilley's representation of Daniels was adversely affected.

For the foregoing reasons, we AFFIRM the district court's dismissal of Daniels' Rule 11 claim, and we REMAND his ineffective assistance claim to the district court for an evidentiary hearing.

AFFIRMED in part, REVERSED in part, and REMANDED.

---

**10.** Or, under *Strickland,* if a potential conflict    prejudiced Daniels' case, the plea is invalid.