61 F.3d 905
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jerry GROVER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-2552.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 16, 1995.*
Decided July 6, 1995.
 
 Before BAUER, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 A guilty plea to a 21 U.S.C. Sec. 846 charge resulted in a 151-month sentence for Jerry Grover. Grover filed a notice of appeal, but his attorney filed an Anders brief stating that the appeal would be frivolous. After considering Grover's response to the Cir. Rule 51(a) motion, we concluded that an appeal on the grounds stated by Grover would be frivolous and granted his defense counsel's motion to withdraw and dismissed the appeal. United States v. Grover, No. 93-2380, 1993 U.S. App. (7th Cir.).
 
 
 2
 Grover now brings a Sec. 2255 motion. The district court noted that all but one of the issues raised-breach of plea agreement, not getting a three-point deduction for acceptance of responsibility, inability to pay court-imposed fine, challenges to the sentencing findings by the trial judge, and ineffective assistance of counsel-were issues that could have been (or were) raised on the direct appeal, and were thus improper grounds for a Sec. 2255 motion under Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992).
 
 
 3
 The district court expressed doubt whether the ineffective assistance claim had been preserved, but found it was meritless because there was neither the prejudice nor the performance below an objective standard of reasonableness required by Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 4
 On appeal, Grover does not address the district court's finding that Belford precludes most of the grounds he raised in his Sec. 2255 motion. That finding was correct: the direct appeal reached all of the issues presented here, except for the ineffective assistance claim, and found them frivolous. Section 2255 cannot be used to resuscitate these adjudicated claims.
 
 
 5
 Grover, without adding any post-trial evidence, seeks to have his conviction overturned because of ineffective assistance of counsel. The dismissal of the direct appeal reserved the question of whether Grover had ineffective assistance of counsel for a future Sec. 2255 proceeding. This was perhaps problematic: Guinan v. United States, 6 F.3d 468, 471-72 (7th Cir. 1993), decided nearly three months before Grover, stated a general rule that ineffective assistance claims based entirely on the trial record must be brought on direct appeal or waived at future Sec. 2255 proceedings. It further held that a defendant was entitled to choose whether he wished to bring a claim of ineffective assistance on direct appeal without the benefit of post-trial evidence. Id at 471-73. It would have been Grover's responsibility to bring this error in an adverse decision to the court's attention in a motion to reconsider. By failing to do so, he waived the issue. The United States Attorney's Office, however, has waived the waiver issue, we assume intentionally. Grover, therefore, will not be penalized for this series of errors, and we may decide the issue on the merits rather than on a procedural technicality.
 
 
 6
 On the direct appeal this court, citing United States v. Booker, 981 F.2d 289, 292 (7th Cir. 1992), warned Grover that he would face a heavy burden in rebutting the presumption that his counsel's performance was effective, and that he must be prepared to support his claims with evidence. No evidence was presented, other than Grover's own recitation of the chronology of the case, a chronology that indicates that he approached his attorney seeking a change of plea from "not guilty" to "guilty" after his family told him that his co-conspirators had "flipped" and had told the government of his involvement in the drug conspiracy. "Implausible" is the most charitable way to characterize Grover's claim that his guilty plea was coerced by his attorney. The facts alleged certainly do not rise to the level of the allegations in Daniels v. United States, 54 F.3d 290 (7th Cir. 1995), that merited a remand.
 
 
 7
 There were no errors in the district court's computation of Grover's sentence. Grover, supra. Thus, nothing about his attorney's performance at sentencing hints toward a finding of performance that falls below an objective standard of reasonableness, much less prejudice. Neither Strickland factor was met, and the decision of the district court denying the relief is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). Petitioner filed such a statement. After considering that statement, the court remains of the view that oral argument is unnecessary, so the appeal is submitted on the briefs and the record