76 F.3d 381
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Cary FISCHER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2414.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 13, 1995.
Decided Jan. 24, 1996.
 
 Before ESCHBACH, COFFEY and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Cary Fischer violated several conditions of his supervised release when he kidnapped and terrorized his ex-girlfriend, Billie Jo Stroede, and consumed alcohol. After a hearing in which he was represented by counsel, the district court revoked Fischer's supervised release and sentenced him to three years imprisonment. Fischer obtained new counsel and appealed, challenging, among other things, his original counsel's effectiveness. We affirmed his appeal in a published opinion, but we declined to address his ineffective assistance of counsel claim because it seemed he wanted to rely on matters outside the record. A petition pursuant to 28 U.S.C. § 2255, we noted, was the course Fischer must use to air his claim. United States v. Fischer, 34 F.3d 566, 568 (7th Cir.1994). After the remand, Fischer brought this § 2255 petition to vacate or set aside his sentence for ineffective assistance of counsel. The district court denied relief without an evidentiary hearing, finding that Fischer's counsel was not deficient and that the alleged errors committed by counsel did not prejudice Fischer. On appeal, Fischer again argues that his counsel was ineffective and that the district court erred by refusing to hold an evidentiary hearing. We assume familiarity with the facts from our prior opinion so we need not restate them here.
 
 
 2
 To show ineffective assistance of counsel, Fischer must demonstrate (1) that his attorney's performance fell below an objective level of reasonableness, and (2) that the errors of his counsel were so prejudicial that the result of the proceeding was fundamentally unfair or unreliable. Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993); United States v. Allender, 62 F.3d 909, 913 (7th Cir.1995). In reviewing the claim, we presume that counsel's performance was reasonable and assume the alleged errors were tactical moves, flawed only in hindsight. United States v. Trevino, 60 F.3d 333, 338 (7th Cir.1995), pet. cert. filed (Nov. 14, 1995) (No. 95-6786).
 
 
 3
 Fischer points to four instances he says demonstrate that his counsel was ineffective. In each instance, however, Fischer fails to demonstrate how he was prejudiced by his counsel's course of conduct.
 
 
 4
 Fischer first argues that his counsel failed to review, with him, the police reports of Strode's abduction and thus he was unable to contest its accuracy. But Fischer does not allege that the police reports were inaccurate or what objections his counsel should have made. He next argues that his counsel failed to inform the district court of Fischer's mental condition but suggests no prejudicial ramification from this failure. He mistakenly relies on Thomas v. Lockhart, 738 F.2d 304, 308-09 (8th Cir.1984), to support this mental conditions argument. Unlike Thomas, the district court had recommended that Fischer receive medical treatment at the time he was granted supervised release and thus was aware of Fischer's mental condition, Fischer's mental condition was not analogous to Thomas', and Fischer's mental condition did not interfere with his right to due process as did Thomas'. Furthermore the court in Thomas did not rely on the mental condition argument alone but noted it in addition to other egregious conduct that demonstrated ineffective assistance of counsel. Thus, Thomas is inapposite here.
 
 
 5
 Fischer next argues that his counsel's examination of witnesses was deficient. His counsel asked Stroede if Fischer had ever hit her, if she had hit Fischer, if she had visited him in jail or accepted money from him, and if Fischer had ever attempted to commit suicide. These questions attempted to demonstrate that Fischer's abduction of Stroede was more appropriately characterized as a lovers' quarrel between two mutually combative fiances, and that Fischer was troubled and needed psychiatric care. They neither demonstrate ineffective assistance of counsel nor show how the outcome would have changed but for his counsel's performance. Finally Fischer alleges that his counsel did not investigate his case sufficiently. Specifically, he alludes to "a number of witnesses" who expressed a willingness to testify for Fischer but his counsel failed to follow up on their requests. However, Fischer does not state who these witnesses were, what their testimony would be, or how the testimony would change the outcome of the hearing. He thus cannot demonstrate that failure to call these witnesses constituted prejudice.
 
 
 6
 His argument supporting his allegation of prejudice contains only unsupported, conclusory statements. He does not show how the outcome would have differed but for the attorney's conduct, or how, given the totality of the attorney's conduct, Fischer was prejudiced. United States v. Boyles, 57 F.3d 535, 552 (7th Cir.1995). Furthermore, the evidence is stacked against Fischer. He admitted during testimony that he violated the terms of his supervised release--he admitted that he had contact with Stroede which he knew was in violation of specific instructions from his probation officer, that he consumed alcohol after arguing with Stroede, and that he had hit Stroede. Without overcoming these admissions, Fischer cannot demonstrate prejudice.
 
 
 7
 Fischer's principal claim is that the district court erred by refusing to conduct an evidentiary hearing on his ineffective assistance of counsel claim. On his direct appeal we refused to consider Fischer's ineffective assistance of counsel claim. Fischer now contends that that opinion in effect commanded the district court to hold an evidentiary hearing. However, he misconstrues our previous opinion. We stated:
 
 
 8
 Fischer recognizes that before he can succeed with a sixth amendment claim based on these sorts of allegations, their validity must be determined and the reasonableness and prejudicial effect of the conduct they describe must be evaluated, and these things cannot be done without an enlarged record. Fischer therefore asks that we remand for an evidentiary hearing. However, ordinarily the appropriate route to make such claims is not via a screening in the court of appeals but by motion to the district court under 28 U.S.C. § 2255. See United States v. Myers, 892 F.2d 642, 649 (7th Cir.1990). Fischer does not seek to have his ineffective assistance claims resolved on the existing record and we do not reach them; our affirmance is thus without prejudice to his ability to present those claims properly in the future.
 
 
 9
 Fischer, 34 F.3d at 568. We did not, by this discussion, instruct the district court to hold an evidentiary hearing. Rather, because Fischer sought to enlarge the record, we noted that the appropriate route for such requests were via 28 U.S.C. § 2255 petitions before the district court and not in the court of appeals.
 
 
 10
 The district court may dismiss a § 2255 petition without holding an evidentiary hearing when it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief. 28 U.S.C. § 2255; Rule 4(b), Rules Governing Section 2255 Proceedings. Further, an evidentiary hearing need not be granted if the petitioner makes only conclusory or speculative allegations rather than specific factual allegations, or if the record conclusively demonstrates that a petitioner is entitled to no relief. Daniels v. United States, 54 F.3d 290, 293 (7th Cir.1995); Aleman v. United States, 878 F.2d 1009, 1012-14 (7th Cir.1989). Fischer's claim of ineffective assistance of counsel does not adequately demonstrate how Fischer was prejudiced. Rather, Fischer relies on conclusory allegations that he was prejudiced. Without something more than mere allegations or conclusory statements, the district court was not required to hold an evidentiary hearing.
 
 
 11
 AFFIRMED.