**Robert "Bosko" STRUMINIKOVSKI,
Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**Nos. 94 C 7549, 87 CR 669.**

United States District Court,
N.D. Illinois,
Eastern Division.

April 29, 1996.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

In 1988, a jury convicted Robert Bosko Struminikovski of engaging in a continuing criminal enterprise to sell cocaine, conspiracy, distribution of controlled substances, providing cocaine to a pregnant woman, offering a bribe to a public official, possession of morphine, possession of firearms by a convicted felon, and possession of firearms during and in relation to his commission of drug trafficking offenses. The court (Rovner, J.) sentenced Struminikovski to twenty-three years in prison with 38 years of supervised release and fined him $140,000. Seven other defendants were convicted of conspiracy and drug trafficking charges, including Struminikovski's father, Vasil. The jury also returned forfeiture verdicts against the Struminikovskis.

In a consolidated appeal, the defendants challenged the conspiracy count of the indictment and two jury instructions. Struminikovski and his father also raised challenges based on ineffective assistance of counsel and prejudicial error in the jury instructions during the forfeiture phase of the trial. Robert Struminikovski argued that his lawyer, Steven Muslin, denied him effective assistance of counsel by conceding that Struminikovski sold drugs. The Seventh Circuit affirmed all convictions. *United States v. Simone*, 931 F.2d 1186 (7th Cir.), *cert. denied*, 502 U.S.

981, 112 S.Ct. 584, 116 L.Ed.2d 609 (1991). With respect to Struminikovski's Sixth Amendment claim, the court noted that Muslin had pursued a sound strategy of admitting those charges supported by overwhelming evidence while vigorously denying the charges, such as continuing criminal enterprise, carrying harsher penalties. *Id.* at 1195–96. The court also concluded that this strategy was conducted with Struminikovski's approval. *Id.*

Pursuant to 28 U.S.C. § 2255, Struminikovski initially moved to vacate, set aside, or correct his sentence based on an ineffective assistance of counsel claim which he argues could not be raised on direct appeal. Petitioner claims that his counsel was paid to defend him by Spyridon Manasses, an unindicted co-conspirator, and that Muslin's loyalty to Manasses precluded a fair defense. Respondent further asserts that Muslin claimed he would not represent informers and that he pressured him into going to trial rather than enter into a plea agreement.

As an attachment to his reply brief, petitioner submitted a memo written by Assistant United States Attorney Daniel Murray on July 29, 1988, two days before the jury trial began, in which Murray notes that one of the government's chief witnesses, Amanda Roland, called him indicating that petitioner wished to speak to Murray outside of Muslin's presence. Roland purportedly stated that she did not believe that petitioner had received any plea offers and that a third party was paying his attorney fees. Murray indicated to Roland that petitioner had to call him personally if he wished to speak to him

and then noted in the memorandum the steps which would be taken if petitioner called.[1]

Petitioner added a second § 2255 claim following the Supreme Court's holding in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), that "use" of a weapon in the commission of a drug crime, 18 U.S.C. § 924(c), requires active employment of the weapon. Struminikovski's conviction was based on the discovery of weapons in his home following his arrest, and petitioner asserts that there is no evidence showing use of a weapon in the commission of a drug crime.

The government challenges the conflict of interest claim, but concedes that under *Bailey,* petitioner's conviction should be vacated. It argues, however, that petitioner should receive no reduction in sentence.

Both parties were instructed to submit supplemental briefs in order to address the specific conflict allegations raised by the July 28, 1988 memorandum as well as the implications of vacating the § 924(c) conviction. With these responses in hand, petitioner's § 2255 motion may now be addressed.

### INEFFECTIVE ASSISTANCE OF COUNSEL

Ineffective assistance of counsel claims frequently split into two categories: those which can be made based on the trial record, and those which are based on additional evidence. A petitioner may choose to pursue the former on direct appeal, without waiving his right to bring the latter under § 2255; this permits the petitioner to develop the record in full. *Guinan v. United States,* 6 F.3d 468, 471 (7th Cir.1993). Gen-

---

1. The memorandum reads, in full:

Subject   BOSKO STRUMINIKOVSKI       Date       7/29/88

To       FILE                              From   DANIEL C. MURRAY

On July 29, 1988, at about 10:15 a.m., Amanda Roland called and said that Bosko Struminikovski wanted to talk with me without his lawyer being present. I told Ms. Roland we had made certain offers to Bosko over a month ago through his attorney, Steve Muslin. Amanda said she does not believe Bosko received those offers, and that some third party is paying Bosko's attorney fees. I told Amanda I would call her back.

I conferred by telephone with Barry Elden. I called Amanda back and told her if Bosko wished

to speak outside the presence of his lawyer, he would have to call me and say so personally.

I conferred in person with Bill Coulson. We agreed that if Bosko calls me, I will refer him directly to Bill Coulson. Bill will tell Bosko he must plead to the indictment, and if after doing so he wants to cooperate, we will take a proffer. Depending on the proffer, we might consider filing a motion with the Court to sentence Bosko below the 15 year mandatory minimum.

cc: Barry Elden
    Bill Coulson

erally, § 2255 claims of ineffective assistance of counsel require an evidentiary hearing. *Id.* Petitioner raises two ineffective assistance claims based on conflict of interest, requesting an evidentiary hearing on both. Petitioner's first, and potentially more substantive claim, alleges that Muslin's representation was co-opted by his relationship with Manasses. The second alleges that Muslin was, in effect, the partner of the attorney representing petitioner's father and a conflict of interest resulted.

■ With respect to both conflicts, petitioner never notified the trial judge of the alleged conflict and neither party suggests that the record indicates constructive knowledge. In those circumstances, a motion to vacate may only succeed if the petitioner demonstrates that "an actual conflict of interest adversely affected his lawyer's performance." *Daniels v. United States,* 54 F.3d 290, 294 (7th Cir.1995), citing *Cuyler v. Sullivan,* 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980).

■ The "actual conflict" burdens apply in this case. An actual conflict of interest exists only if a defense attorney "actively represented conflicting interests." *Cuyler,* 446 U.S. at 350, 100 S.Ct. at 1719. Typically, an actual conflict of interest arises when one attorney represents two people at the same time. The Seventh Circuit has held that a petitioner carries a particularly heavy burden when he seeks to prove an actual conflict of interest based upon successive representation. In those cases, the trial attorney no longer represents the third party whose interests are adverse to the petitioner. *Enoch v. Gramley,* 70 F.3d 1490, 1496 (7th Cir. 1995).

■ If the petitioner establishes that an actual conflict of interest existed, he must demonstrate that the conflict "adversely affected his lawyer's performance." *Stoia v. United States,* 22 F.3d 766, 770 (7th Cir.1994) (quoting *Cuyler v. Sullivan,* 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980)). If the defendant proves both that the actual conflict of interest existed and that it had an adverse impact on his attorney's performance, prejudice will be presumed. *Stoia,* 22 F.3d at 770–71. Even under this standard, however, the petitioner must iden-

tify "specific instances where counsel could and would have done something different" absent the conflict of interest. *Griffin v. Camp,* 40 F.3d 170, 173 (7th Cir.1994).

The government argues that the motion should be denied without benefit of an evidentiary hearing because attorney Muslin avers that he 1) received approximately $18,000 from members of Struminikovski's family; 2) never received any money from Spyridon Manasses for representing petitioner; 3) never stated that he did not represent people who cooperate with the government and actually suggested to the government that petitioner could be cooperative; 4) never discouraged petitioner from pleading guilty; 5) petitioner never discussed Manasses or indicated that he was the source of the cocaine; and 6) Manasses did not become a client of Muslin's until February 22, 1989.

The government also contacted Manasses and represents that Manasses would tell the court that he did not pay Muslin to represent petitioner and that he did not become Muslin's client until after petitioner's conviction. In their present form, Manasses' statements are hearsay, but they are accepted for the time being to show that Manasses would be available to appear at an evidentiary hearing.

Petitioner's affidavit contradicts Muslin's. Additionally, petitioner submits an affidavit from his sister in which she states that the family paid a little over $5,000 towards petitioner's legal fees; that Muslin never approached them for additional fees, and that petitioner told her Manasses was paying for some of the defense costs.

An evidentiary hearing is necessary on the first conflict claim because of the conflicting affidavits submitted by both sides. As the Seventh Circuit has noted, affidavits submitted on § 2255 motions serve the same purpose as those submitted for summary judgment motions, that is, "to determine whether there is a dispute over a material issue of fact, ... rather than to allow the judge to resolve the dispute by picking one affidavit over another that contradicts it." *Castillo v. United States,* 34 F.3d 443, 445 (7th Cir. 1994). There are clearly disputes, if peripheral, over the manner in which Muslin was paid. Records along with testimony from

the relevant parties should permit speedy resolution of the issue.

Petitioner's second claim alleging a conflict based on the business relationship between Muslin and Pollans, Vasil Struminikovski's attorney, is groundless. Petitioner has failed to allege facts under the *Cuyler* standard which, if true, demonstrate an actual conflict.

The subject matter of the hearing is limited to evidence related to the compensation of attorneys, instructions to and advice from attorneys, Amanda Roland's communications with the U.S. attorneys and the participation, if any, of Spyridon Manasses in the defense of the charges.

The evidentiary hearing will not focus on the July 25, 1988 memorandum. The government asserts that it was under no obligation to notify the court that petitioner's attorney may have a conflict because the evidence was vague and unsubstantiated. The court agrees.

Petitioner's recitation of the facts—payment by a third party, refusal of the lawyer to work for an informer, discouraging a plea bargain—is strikingly similar to the facts described in *Quintero v. United States,* 33 F.3d 1133, 1136–37 (9th Cir.1994). There, the Ninth Circuit required the district court to hold an evidentiary hearing, noting that the described fact pattern raised the possibility that "Quintero did not in fact have the undivided loyalty of counsel which is 'perhaps the most basic of counsel's duties.'" *Strickland v. Washington,* 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984)." *Id.* at 1137.

The facts as related by petitioner raise a similar concern, and therefore petitioner's request for an evidentiary hearing with respect to his conflict of interest claim is granted.

### 18 U.S.C. § 924

 The government concedes that *Bailey v. United States, supra,* should retroactively apply to convictions under § 924 where there is no evidence of active employment of a firearm. According to the government, the Department of Justice has instructed federal prosecutors to take the position that *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), does not apply to cases in which the facts underlying a conviction fall squarely within the holding of *Bailey.* See *Ianniello v. United States,* 10 F.3d 59, 63 (2nd Cir.1993). The Seventh Circuit, without commenting on the question of retroactivity, recently reversed a § 924(c) conviction on the grounds that there was insufficient evidence to show active use. *See United States v. Monroe,* 73 F.3d 129 (7th Cir.1995). *See also United States v. Booker,* 73 F.3d 706 (7th Cir.1996). There is no dispute that petitioner's conviction was based on evidence which did not show actual use. Consequently, petitioner's conviction under 18 U.S.C. § 924(c) will be vacated.

IT IS THEREFORE ORDERED that:

(1) Petitioner's motion to vacate, set aside, or correct sentence [823] is granted in part and continued in part.

(2) That portion of petitioner's judgment and conviction under 18 U.S.C. § 924(c) is hereby vacated.

(3) A status hearing will be held on May 16, 1996 at 9:30 a.m. with respect to further proceedings.