142 F.3d 439
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
TOMMIE DORSEY, Petitioner-Appellant,
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 No. 97-2810.
 United States Court of Appeals,
Seventh Circuit.
 .
Submitted March 12, 1998*.
Decided March 13, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 96 C 6522, George M. Marovich, Judge.
 Before Hon. RICHARD A. POSNER, Chief Judge, Hon. WALTER J. CUMMINGS, Hon. KENNETH F. RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Pro se petitioner, Tommie Dorsey, appeals the district court's denial of his motion to vacate, set aside, or correct his sentence. 28 U.S.C. § 2255. The district court concluded that Dorsey failed to present sufficient evidence to entitle him to either § 2255 relief or an evidentiary hearing on his claim that his counsel was ineffective due to counsel's failure to file a notice of appeal after Dorsey had allegedly requested it.[1] After the district court denied Dorsey's motion for reconsideration, the court granted Dorsey's request for a certificate of appealability on the issue of ineffective assistance of counsel.
 
 
 2
 In Dorsey's § 2255 motion, he alleged that his counsel ignored his instruction to file an appeal. The government filed a response and an affidavit by Dorsey's trial counsel regarding Dorsey's allegation that counsel disregarded his instruction to file an appeal. In the affidavit, counsel stated that Dorsey never requested an appeal, but if Dorsey had, counsel would have filed the appeal. Counsel also stated that Dorsey requested that he speak to the government regarding Dorsey's cooperation and a future sentence reduction if the government filed a Federal Rule of Criminal Procedure 35 motion. Counsel stated that he did speak with the government and furnished Dorsey with the name and telephone number of the FBI Agent in charge of the case. In its response, the government also suggested that an evidentiary hearing was necessary.
 
 
 3
 On January, 23, 1996, the district court requested that Dorsey submit a sworn affidavit stating in detail Dorsey's communication with his attorney, his attorney's reply, the date and times of the communications, and all documents verifying Dorsey's allegations. After Dorsey had filed an affidavit in support of his allegation that he requested his attorney to appeal, the district court entered its final order concluding that Dorsey did not present sufficient evidence to establish that he was entitled to an evidentiary hearing.
 
 
 4
 On appeal, Dorsey asserts that the district court's failure to conduct an evidentiary hearing was an abuse of discretion. Dorsey requests that the case be remanded for an evidentiary hearing on the issue of whether he received ineffective assistance of counsel due to his counsel's failure to appeal. The district court has discretion to deny an evidentiary hearing in a § 2255 case if "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see also Daniels v. United States, 54 F.3d 290, 293 (7th Cir.1995).
 
 
 5
 Here, the district court found that Dorsey did not present sufficient, detailed evidence to establish that he was entitled to an evidentiary hearing. Prewitt v. States, 83 F.3d 812, 819 (7th Cir.1996) (petitioner must supply a detailed and specific affidavit showing actual proof of the allegations). The court based its decision on Dorsey's "unsigned" affidavit which stated that at some point during the ten-day period permitted for appeal, he had a conference with his attorney "in which it was understood that defendant desired to appeal from the sentence and judgment." The court also evaluated Dorsey's statement that his attorney "was aware" that he wanted to appeal and that Dorsey was dissatisfied with his sentence. The district court found that these statements were not specific and that Dorsey had failed to state what he said to his attorney, what his attorney said in response, or how his attorney was aware or understood that Dorsey wanted to appeal. The court also relied on the attorney's affidavit in which counsel denied that Dorsey had requested an appeal.
 
 
 6
 Indeed, parts of Dorsey's affidavit, which was signed and sworn, are vague and do not specifically state what he said to his attorney and his attorney's responses. For instance, in paragraph three of the affidavit, Dorsey's statement is not specific about what he said to his attorney during a post-sentencing meeting:
 
 
 7
 The tenor of the conversation conducted with counsel by this defendant, was that counsel was aware that the defendant desired to appeal, and that defendant was not satisfied with the sentence involved in this matter, which was exemplified by the documents which the defendant had taken to the Attorney's Office for the purposes of securing an appeal.
 
 
 8
 (R. 115, p 3). However, Dorsey also stated in his affidavit: "The defendant at the time of sentencing in this case, indicated to his counsel that he desired to appeal the sentence as imposed by this Court orally." (R. 115, p 2). Although some of Dorsey's assertions are not specific allegations supported by actual proof, see Prewitt, 83 F.3d at 819, his statement that he indicated to his counsel that he wanted to appeal is straightforward. As such, this statement, if proven, would have entitled him to relief. See Daniels, 54 F.3d at 293 (district court must grant an evidentiary hearing if the petitioner "alleges facts that, if proven, would entitle him to relief.") (citation omitted). This statement is also sufficient to conclude that the evidence does not conclusively demonstrate that Dorsey is not entitled to relief. 28 U.S.C. § 2255; see also Daniels, 54 F.3d at 293.
 
 
 9
 This court construes prisoners' pro se pleadings liberally. McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). As such, Dorsey's statement that he had requested his attorney to appeal at sentencing is sufficient to require an evidentiary hearing. Therefore, we REVERSE and REMAND the case for further proceedings.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 This court has examined whether a federal habeas petitioner was prejudiced in the context of his counsel's failure to file a direct criminal appeal, even though the petitioner had requested one, concluding that counsel's failure constituted abandonment--a per se violation of the Sixth Amendment. Castellanos v. United States, 26 F.3d 717, 718-20 (7th Cir.1994)