David S. GRADELESS, Petitioner–Appellant,

v.

John R. VANNATTA, Respondent–Appellee.

No. 00–3604.

United States Court of Appeals, Seventh Circuit.

Submitted June 18, 2001 *.

Decided June 19, 2001.

submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before Hon. MANION, Hon. ILANA DIAMOND ROVNER, Hon. TERENCE T. EVANS, Circuit Judges.

## ORDER

Indiana prisoner David Gradeless appeals the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his loss of thirty days good-time credit for being in an unauthorized area. Gradeless contends that the prison disciplinary board deprived him of due process by preventing him from presenting documentary evidence in his defense, basing its finding on insufficient evidence, and depriving him of an impartial decision maker. We vacate and remand.

In January 2000 correctional officer Fite issued a conduct report charging Gradeless with being in an unauthorized area. Fite wrote that he had observed Gradeless exit the "1–2 side" of the unit where Gradeless was housed and, after checking with range officers, determined that Gradeless was not authorized to be there. At the disciplinary hearing Gradeless told the Conduct Adjustment Board ("CAB") that he was visiting another inmate in his capacity as a lay advocate. The CAB found Gradeless guilty, reasoning that Fite's conduct report was more credible than Gradeless's testimony.

Indiana prisoners have a protected liberty interest in good-time credits, *McPherson v. McBride*, 188 F.3d 784, 785 (7th Cir.1999), and so Gradeless was entitled to minimal due process safeguards at his disciplinary hearing, *Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). On appeal Gradeless principally contends that the CAB deprived him of due process by refusing to allow him to introduce in his defense a document called the "Lay Advocate Move-

ment Pass" that purportedly authorized his presence in the "1–2 side" of his unit on the date in question. The state does not dispute that Gradeless had a right to introduce the document at his disciplinary hearing, see *Ponte v. Real*, 471 U.S. 491, 495, 105 S.Ct. 2192, 85 L.Ed.2d 553 (1985), nor does the state go as far as to *deny* that indeed Gradeless tried to offer it. Instead, the state asserts that Gradeless never presented the district court with evidence to *prove* that he tried to introduce the pass, which the state emphasizes is not mentioned in the disciplinary hearing record.

■ We reject this position. Gradeless did present the district court with evidence—his verified petition, which includes his averment that he unsuccessfully tendered the authorization pass to the CAB—and nothing in the record before us conclusively establishes that he did not. The unauthenticated disciplinary hearing report does not resolve the issue; even if the report were verified, it is silent as to the authorization pass and at best highlights a significant yet unresolved issue of fact. *See Daniels v. United States*, 54 F.3d 290, 294 (7th Cir.1995) (petitioner's specific averments not conclusively refuted by government's conflicting version of events). In this regard we also note that the state's assertion on appeal that the pass is irrelevant lacks merit; to the contrary, the pass would seem to exonerate Gradeless by establishing that he had permission to be in precisely the area labeled as "unauthorized" by the CAB. Accordingly, because the record does not contain adequate information to resolve the factual dispute as to whether Gradeless attempted to introduce the authorization pass at the disciplinary hearing, the district court should have taken evidence before deciding the merits of Gradeless's petition. *See Id.* If the facts are as the state assumes (*i.e.*, Gradeless did not try to introduce the authorization

pass), we agree with the district court that Gradeless had no due process right to introduce the pass for the first time after his case was decided by the CAB. *See McPherson*, 188 F.3d at 787. But if Gradeless offered and the CAB refused to accept the pass, then the district court will have to conduct a fresh evaluation of Gradeless's petition to determine whether the exclusion of the document deprived him of due process. If this is the case, we recognize that the district court will have to wrestle with the adequacy of the CAB's written explanation of the evidence it relied on and the reasons for its findings. *See Wolff*, 418 U.S. 539, 563, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *McPherson*, 188 F.3d at 785–86.

■ Gradeless also contends that H. Lawson, the CAB chair and also his direct supervisor in his prison job as a lay advocate, was not impartial because she conducted an independent investigation prior to the disciplinary hearing in her capacity as his supervisor and then fired him from his lay advocate job because of the pending charge. Gradeless had a due process right to an impartial decision maker. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir.2000). The impartiality requirement mandates that a decision maker be disqualified if she is substantially involved in the investigation of the charges against an inmate. *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir.1995). But Gradeless of course must do more than simply allege bias because CAB members enjoy a presumption of honesty and integrity, see *Winthrow v. Larkin*, 421 U.S. 35, 47, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975); *Bakalis v. Golembeski*, 35 F.3d 318, 323–24 (7th Cir.1994), that will prevail absent "clear evidence to the contrary," see *United States v. Armstrong*, 517 U.S. 456, 464, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996). Gradeless avers in his verified petition that Lawson spoke

with him and others about the charge, conducted an investigation, and then prepared the hearing report finding him guilty before the hearing took place. Once again, the state does not deny what Gradeless says but instead asserts that even if Gradeless's claims are true. Lawson's involvement in a parallel investigation was merely "tangential." We are left to wonder exactly what the state thinks "tangential" means in this context, but regardless the record contains inadequate information to resolve the factual dispute regarding Lawson's investigatory activities and an evidentiary hearing is necessary. *See Daniels*, 54 F.3d at 294.

For the foregoing reasons, we VACATE and REMAND for further proceedings not inconsistent with this order.